## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ERIC MITMAN,

      Plaintiff,

    v.

TRACY MITMAN, *et al.*,

      Defendants.

**Case No. 26–cv–05663–ESK–SAK**

**OPINION AND ORDER**

**THIS MATTER** having come before the Court on plaintiff's complaint (Complaint) (ECF No. 1 (Compl.)); and plaintiff having filed an emergency motion for temporary restraining order and order to show cause (TRO Motion) (ECF No. 3); and the Court having dismissed plaintiff's prior actions against the same defendants for lack of subject matter jurisdiction, *Mitman v. Mitman*, No. 25–13820, 2025 WL 2146603 (D.N.J. July 29, 2025), *Mitman v. Mitman*, No. 25–14067, 2025 WL 2533538 (D.N.J. Sept. 3, 2025); and the Court finding,

1. Courts have an obligation to assure itself of jurisdiction at all stages of a litigation. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (noting that "federal courts have an ever-present obligation to satisfy themselves of their subject-matter jurisdiction and to decide the issue *sua sponte*"). Thus, a court has the authority to *sua sponte* dismiss a case over which it lacks subject-matter jurisdiction at any time. Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

2. Federal claims lack subject-matter jurisdiction when the claim is "so insubstantial, implausible, foreclosed by prior decisions …, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)). Claims that "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous" should be dismissed. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). In other words, courts can dismiss claims for lack of subject-matter jurisdiction when the complaint is "completely devoid of merit" or "wholly insubstantial and

frivolous." *Yoder v. Tompkins*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal of civil rights claim under 42 U.S.C. §1983 for lack of subject-matter jurisdiction where the *pro se* plaintiff failed to allege facts sufficient to show the deprivation of a federal right or that the defendants were state actors).

3.   This action arises from state court proceedings involving plaintiff's divorce from defendant Tracy Mitman. (*See generally* Compl.) Plaintiff explains that he is "not ask[ing] this Court to decide divorce, custody, parenting-time merits, equitable distribution, support or any domestic-relations merits issues." (*Id.* p.1.) Instead, pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§2201, 2202, he seeks "federal protection against ongoing process-based deprivation where severe consequences are being asserted, implemented, or threatened without a reviewable predicate." (*Id.*) The four-count Complaint asserts claims for procedural due process violations, denial of meaningful access to review, ongoing reliance on expunged, derivative, and provenance-disputed material, and declaratory relief. (*Id.* pp.5, 6.)

4.   To succeed on a 42 U.S.C. §1983 claim, a plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right." *Durham v. New Jersey Dept. of Corrections*, No. 22–05482, 2025 WL 642469, at *4 (D.N.J. Feb. 26, 2025). Defendants are not state actors. Rather they are private individuals who appear to be named in this action for their adversarial roles in plaintiff's divorce proceedings. *See Wolf v. New Jersey*, No. 19–16979, 2023 WL 2367991, at *10 (D.N.J. Mar. 6, 2023), *aff'd*, No. 23–1635, 2024 WL 5154023 (3d Cir. Dec. 18, 2024).

5.   As to plaintiff's declaratory relief claim, "courts in this circuit routinely dismiss stand-alone counts for declaratory and injunctive relief, since such claims are requests for remedies, and not independent causes of action." *ASAH v. N.J. Dep't of Educ.*, No. 16–3935, 2017 WL 2829648, at * 12 (D.N.J. June 20, 2017). I will do the same.

6.   To the extent plaintiff's denial of meaningful access and ongoing reliance claims are state law claims, I decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. §1367(c)(3). "A federal court may decline to exercise supplemental jurisdiction over state law claims when it dismisses all claims over which it has original jurisdiction." *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 29–34, 44 (2025)(noting that because the "deletion of all federal claims deprived the [d]istrict [c]ourt of federal-question jurisdiction," once those claims were gone, "the court's supplemental jurisdiction over the state claims dissolved too"). "Where the federal claims

are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims." *McCarthy v. Equinox Holdings, Inc.,* No. 14–00037, 2015 WL 540218, at \*4 (D.N.J. Feb. 9, 2015). None of these considerations warrant exercising jurisdiction over the remaining claims.

Accordingly,

**IT IS** on this **19th** day of **May 2026 ORDERED** that:

1.      Plaintiff's claims under 42 U.S.C. § 1983 and for declaratory relief are dismissed with prejudice.  The remaining state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

2.      Plaintiff may reinstate any state-law claims in the appropriate state court within 30 days of entry of this order unless state law provides for a longer tolling period.   *See* 28 U.S.C. § 1367(d).

3.      The TRO Motion (ECF No. 3) is denied as moot.

4.      The Clerk of the Court is directed to close this action and send a copy of this Order to plaintiff by regular mail.


    */s/ Edward S. Kiel*
    **EDWARD S. KIEL**
    **UNITED STATES DISTRICT JUDGE**

3